CERVONI, PLAINTIFF AND APPELLEE, *v.* SIERRA, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Humacao in an Action of Debt.

No. 3172.—Decided June 6, 1924.

PLEADING—DEMURRER—NOTICE.—When a demurrer is sustained and the decision is not announced in the presence of the parties or their attorneys, the clerk of the court should notify the losing party by mailing a notice to him or his attorney within five days. The statute does not require a particular form of notice. It may consist of a document transcribing the decision or judgment or containing the mere statement that the judgment or decision was rendered. If time is allowed to amend the pleading or to answer it shall begin to run from the day on which a copy of the said notice is attached to the record.

ID.—ID.—DEFAULT JUDGMENT.—When a defendant does not answer within the time allowed by the court upon overruling his demurrer to the complaint the defendant's default should be entered and a judgment rendered according to law.

The facts are stated in the opinion.

*Mr. A. Aponte, Jr.,* for the appellant.

*Messrs. L. Pereyó, Jr.,* and *F. Cervoni* for the appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

Francisco Cervoni Gely, an attorney who practices in Humacao, P. R., brought an action against Celestino Sierra to recover the sum of $600. The defendant demurred to the complaint, the demurrer was overruled and he was given ten days within which to answer. He did not answer, his default was noted and judgment was rendered against him for the sum of $300. It is well to say that the case was called for trial after it had been included in the docket and that the plaintiff offered evidence which the court examined before rendering judgment.

The defendant appealed from that judgment to this Supreme Court, assigning a single error, as follows:

"The District Court of Humacao erred in rendering a default judgment, inasmuch as the clerk had no jurisdiction to enter the default and the court *a quo* had none to render the judgment."

The appellant invokes section 142a of the Code of Civil Procedure, as amended by the Act of March 11, 1915, and contends that the record shows that the clerk failed to comply with its provision.

The statute reads:

"Section 142a.—In all cases in which a motion to strike out or a demurrer to any pleading is sustained or overruled and a decision is not announced in the presence of the parties or their attorneys, it shall be the duty of the secretary of the court to mail a written notice to the losing party or his attorney within five days from the date of such decision, notifying him of such decision, and a copy of such notice shall be filed with the papers in the case and the time within which to amend or answer if leave therefor is given shall begin to run from the date of the filing of such notice among the papers."

And the record certified by the clerk contains the following:

"IN THE DISTRICT COURT FOR THE JUDICIAL DISTRICT OF HUMACAO.—Francisco Cervoni Gely vs. Celestino Sierra.—Civil No. 8936. —Action to recover fees.—Order.—The demurrer that the complaint does not state facts sufficient to constitute a cause of action has been considered and is overruled, and the defendant is allowed ten days within which to answer.—Humacao, P. R., July 19, 1923.—(Signed), Pablo Berga, District Judge.—Copies of the above order were sent to F. Cervoni Gely and Arturo Aponte, Humacao, P. R., they being the attorneys for the parties, on this 19th day of July, 1923.—A. Ramírez, Jr., Clerk District Court, by (Signed) Luis A. Cuevas, Deputy.—Filed July 19, 1923.—A. Ramírez, Jr., Clerk, District Court, by (Signed) Luis A. Cuevas, Deputy."

Did the clerk perform the duty imposed upon him by the statute? In his brief the appellant transcribes only the clerk's statement that he sent the copies and maintains that the clerk never added the notice to the record.

The law does not prescribe a particular form of notice. The notice may be given by means of a letter written by the clerk transcribing the order or judgment or simply notify-

ing the party of its existence. Or it may be given simply by sending a copy of the order or judgment.

.If the clerk's statement is taken in connection with the order preceding it and the note of filing following, it may be concluded that the last method was adopted and that it substantially appears from the record that the statute was complied with.

Under these circumstances and considering that the appellant in his brief mentions the fact that he.moved to open the default and was overruled, implying that the trial court passed upon the facts of the case, we think that the judgment should not be reversed.

The judgment appealed from is ·

*Affirmed.*

Justices Wolf, Aldrey, Hutchison and Franco Soto concurred.